UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-7101 (MRWx) | Date | February 17, 2023 |
|---|---|---|---|
| Title | Yinguo Wang v. Alejandro Mayorkas, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:**   **IN CHAMBERS — COURT ORDER**

On December 27, 2022, the Court ordered plaintiff Yinguo Wang ("Plaintiff"), who is appearing pro se, to show cause in writing why Plaintiff's action should not be dismissed for lack of prosecution because of Plaintiff's apparent failure to serve the Summons and Complaint within Federal Rule of Civil Procedure 4(m)'s 90 day deadline. Plaintiff filed a Response to the Order to Show Cause. Upon receiving that Response, on January 4, 2023, the Court provided Plaintiff with additional time to serve the Government pursuant to Federal Rule of Civil Procedure 4(i). In the Court's January 4, 2023 Minute Order, the Court provided Plaintiff with the requirements for service under Rule 4(i) and, in response to Plaintiff's request, a copy of the Complaint with the "Filed" stamp.

The Court continued Plaintiff's deadline to respond to the Court's December 27, 2022 Order to Show Cause to February 6, 2023. The Court also extended until February 6, 2023, the deadline for Plaintiff to complete service as required by Rule 4(i) on defendants. The Court warned Plaintiff that failure to file with the Court Proofs of Service by that date establishing that Plaintiff has served the defendants with the Summons and Complaint in conformance with the requirements of Rule 4(i) by February 6, 2023, may, without further warning, result in the dismissal of this action for failure to prosecute. To date, despite the expiration of the deadline and the Court's warning, Plaintiff has not filed the required Proofs of Service or filed a further Response to the Court's Order to Show Cause.

Under Federal Rule of Civil Procedure 4(m), service of process on a defendant is due within 90 days of the filing of the complaint. Here, Plaintiff filed this action on September 23, 2022. By the time the Court issued its Order to Show Cause on December 27, 2022, Rule 4(m)'s 90-day period had already expired and Plaintiff had not filed a proof of service or requested additional time to do so. Upon receiving Plaintiff's Response, the Court provided Plaintiff with additional time, yet Plaintiff has still not filed a proof of service for any defendant. Rule 4(m) provides:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-7101 (MRWx) | Date | February 17, 2023 |
|---|---|---|---|
| Title | Yinguo Wang v. Alejandro Mayorkas, et al. | | |

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

By failing to serve defendants within the additional time provided by the Court, or to provide an additional Response to the Order to Show Cause, as required by the January 4, 2023 Minute Order, Plaintiff has not established "good cause" for an extension of time for Plaintiff to serve a defendant. Plaintiff's action against defendants is therefore dismissed under Rule 4(m) without prejudice as a result of Plaintiff's failure to timely serve defendants or establish good cause for that failure.

Grounds also exist to dismiss Plaintiff's claim against defendants for failure to diligently prosecute. A court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629–30, 82 S. Ct. 1386, 1388–89, 8 L. Ed. 2d 734; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal. See Pagtalunan v. Galaza, 291 F.3d 639,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-7101 (MRWx) | | Date | February 17, 2023 |
|---|---|---|---|---|
| Title | Yinguo Wang v. Alejandro Mayorkas, et al. | | | |

642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, 191 F.3d at 990)).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissing defendants.  See id. ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

      The third Henderson factor at least marginally favors dismissal.  While "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," see Pagtalunan, 291 F.3d at 642, unreasonable delay creates a presumption of prejudice, see In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994); Moore v. Teflon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978).  Here, as discussed above, Plaintiff has not timely served defendants.  Nor has Plaintiff adequately explained Plaintiff's failure to do so.  See Anderson v. Air W., Inc., 542 F.2d 522, 525 (9th Cir. 1976) ("Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations.").

      The fourth and fifth Henderson factors also favor defendants' dismissal.  By requiring Plaintiff to explain why this action should not be dismissed for lack of prosecution, and allowing Plaintiff to satisfy the Order to Show Cause simply by filing a proof of service, Plaintiff was on notice that the failure to adequately respond to the Order to Show Cause could result in the dismissal of the action.  Despite this notice, Plaintiff has failed to demonstrate that Plaintiff's efforts to serve defendants or to otherwise prosecute Plaintiff's claim against defendants show diligence.  Additionally, the Court is adopting the "less-drastic" sanction of dismissal of the unserved defendant without prejudice.  See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").  Thus, the Henderson factors weigh in favor of dismissing defendants.

      Accordingly, pursuant to Rule 4(m) and as a result of Plaintiff's failure to diligently prosecute, the claim asserted against defendants is dismissed without prejudice.  See Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260.  The Court will issue a Judgment consistent with this Order.

      IT IS SO ORDERED.